UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JILL BATES,             Case No. 17-cv-346

       Plaintiff,

vs.

PREMIER FINANCIAL CREDIT UNION,

       Defendant.

# COMPLAINT

NOW COMES, Plaintiff Jill Bates, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendant Premier Financial Credit Union and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1. This lawsuit arises from an impermissible request for Ms. Bates' credit report.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* and Wis. Stat. § 995.50.

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5. This Court has supplemental jurisdiction over the claims arising under Wis. Stat. § 995.50 under 28 U.S.C. § 1367, because the state law claim is related to the FCRA claim as it arises under the same set of facts. Thus it is part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the Defendant resides. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## Parties

7. Plaintiff Jill Bates (hereinafter "Ms. Bates") is a natural person who resides in the County of Milwaukee, State of Wisconsin.

8. Defendant Premier Financial Credit Union (hereinafter "Defendant Premier Financial") is a domestic business with a principal office of 2017 Main Street, New Holstein, WI 53061.

## Factual Allegations

9. Ms. Bates' step father is the President/CEO of Defendant Premier Financial.

10. On September 21, 2015, Defendant Premier Financial obtained a copy of Ms. Bate's credit report.

11. This showed up as a hard inquiry on Ms. Bate's credit file.

12. Ms. Bates did not owe a debt to Defendant Premier Financial on September 21, 2015.

13. Ms. Bates was not seeking financing from Defendant Premier Financial on September 21, 2015.

14. Ms. Bates did not have a relationship with Defendant Premier Financial on September 21, 2015.

## Count 1 – Violations of the Fair Credit Reporting Act

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant Premier Financial violated 15 U.S.C. § 1681b(f) by failing to have a permissible purpose as defined by 15 U.S.C. § 1681(b)(a) when it obtained a copy of Ms. Bates' credit report.

17. As a result of Defendant Premier Financial's impermissible request of the credit report, the Plaintiff has suffered emotional distress constituting actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1).

18. Because Defendant Premier Financial's action of pulling the report was done when there was no debt owed and no relationship between the parties, the action was willful, entitling Plaintiff to statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

19. Ms. Bates is also entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## Count 2 – Invasion of Privacy

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Ms. Bates has a right of privacy in Wisconsin as recognized in Wis. Stat. § 995.50.

22. Defendant Premier Financial invaded the private credit records of Ms. Bates by obtaining a copy of her credit report.

23. Defendant Premier Financial's conduct unreasonably invaded Ms. Bates' right to privacy and caused her damages including emotional distress.

24. Ms. Bates is entitled to equitable relief to prevent and restrain further invasion, compensatory damages, and a reasonable amount of attorney's fees pursuant to Wis. Stat. § 995.50.

## Trial by Jury

25. Ms. Bates is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Bates prays that judgment be entered against Defendant for:

A. Actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1);

B. Statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

D. Equitable relief to prevent and restrain further invasion, compensatory damages, and reasonable attorney's fees pursuant to Wis. Stat. § 995.50; and

E. Other and further relief as may be just and proper.

Dated this 9th day of March, 2017.

DeLadurantey Law Office, LLC

s/ Heidi N. Miller
Nathan E. DeLadurantey
Heidi N. Miller
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 – Fax
Nathan@dela-law.com
Heidi@dela-law.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Jill Bates, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Jill Bates_
Jill Bates